FREEMAN R. BENNETT *vs.* FRANK E. BAILEY.

Worcester.    October 1, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage of Personal Property — After-acquired Goods — Foreclosure*
*— Fraud — Waiver — Evidence.*

The possession of after-acquired property, rightfully taken and maintained by a mortgagee under a mortgage purporting to cover it, gives him a title good not only against the mortgagor, but even against an assignee in insolvency or an attaching creditor.

A mortgagor of personal property by the acceptance of the proceeds of a sale under the mortgage is not necessarily precluded from maintaining an action to recover damages arising from the misconduct of the mortgagee in conducting the sale.

In such an action evidence as to the disposition of the property by the mortgagee after he took possession is competent upon the question whether he acted fairly and in good faith in conducting the sale.

TORT. The first count of the amended declaration was for damages caused by the alleged misconduct of the defendant in conducting a sale under a foreclosure of a mortgage of personal property given to him by the plaintiff; the third count was for a conversion of part of the property sold, which it was alleged was not covered by the mortgage. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, which, so far as material, is as follows.

On March 10, 1886, the plaintiff, to secure a note signed by him and payable on demand to the defendant, executed a mortgage to the defendant of personal property, consisting of the goods, stock in trade, furniture, and fixtures contained at that time in a store occupied by him, in which mortgage it was agreed by the plaintiff that " all goods, stock in trade, and furniture and fixtures that may be hereafter purchased by me and placed in said store shall be included in and covered by this mortgage"; and that upon any breach of condition the defendant " may sell the said goods and chattels by public auction, first giving ten days' notice in writing of the time and place of sale " to the plaintiff or his representatives.

There was evidence that the note and mortgage were given

to secure a running account between the plaintiff and the defendant; that on August 24, 1886, a balance of such account being due the defendant and unpaid, the defendant in the evening, before giving any formal notice to the plaintiff of his intention to foreclose the mortgage, went to the store and informed him that he had come to foreclose the mortgage, and told the plaintiff to leave; that thereupon the plaintiff immediately left the store, as directed by the defendant, and the defendant took possession of the goods and property described in the mortgage, which were then in the store, and also of other goods acquired by the plaintiff and placed by him in the store subsequent to the date of the mortgage; that on the next day the defendant gave the plaintiff a formal notice of his intention to foreclose the mortgage for breach of condition; that on September 3, 1886, the property so taken by the defendant, including the after-acquired goods above mentioned, was sold by the defendant by public auction; that afterwards, on September 10, 1886, a settlement was had between the parties, in which the plaintiff was represented by one Brigham as his agent, in which Brigham, acting for the plaintiff, agreed that the balance of the proceeds of such sale which remained after the payment of expenses might be applied by the defendant towards the payment of the plaintiff's indebtedness to him, and such balance was so applied.

The plaintiff was permitted to introduce evidence, against the defendant's objection, which tended to show that, after the defendant took possession of the property, he left it in the plaintiff's store for several days in the custody of a third person, and then caused it to be removed to another store controlled by him, where the auction sale took place; and that at the auction the defendant succeeded in inducing third persons not to bid for the same, and himself bought in the property for a sum less than what it was worth; and the defendant excepted to the admission of this evidence.

The defendant requested the judge to rule, that the plaintiff must elect upon which count of his declaration he relied, — that the plaintiff could not recover upon both counts; that the plaintiff could not recover upon his first count in his amended declaration, if the defendant took possession of the property in

question under foreclosure of his mortgage; that the plaintiff could not recover upon the first count; that no irregularity in the proceedings in the sale subsequent to taking possession under the mortgage of the property covered thereby, or in the application of the proceeds of such sale, would make the defendant liable for the conversion of the property so taken, or otherwise, while the mortgage remained unredeemed; that if the jury found that Brigham, acting as the plaintiff's agent, made the settlement of September 10, 1886, it was a waiver of any tort or irregularity in the taking and sale of the mortgaged property; that, upon the uncontradicted facts herein appearing, the after-acquired property became included in the mortgage, in virtue of the possession thereof taken on August 24 by the defendant; and that there was no evidence upon which the plaintiff could recover upon his third count.

The judge refused so to rule; but ruled, among other things, that after-acquired property would not be covered by a mortgage simply by an agreement to that effect therein; that the taking possession of such property by the defendant, without any delivery to him by the plaintiff, was insufficient to include it in the mortgage; and that including such property in the sale was evidence of a conversion; that if the defendant was guilty of misconduct in conducting the sale by inducing third persons not to bid, by persuasion or threats, for the purpose of keeping the bids down and of obtaining the property himself for less than what it would otherwise have brought, he was liable to the plaintiff for the injury occasioned thereby; that if, by the settlement of September 10, the plaintiff consented that the after-acquired property should be treated as mortgaged property, then the plaintiff could not recover on his third count; and that if the jury should return a verdict on both counts, in assessing damages for the defendant's misconduct they should only consider the property included in the mortgage at the time it was given, and not the after-acquired property sold at the mortgage sale.

The jury returned a verdict for the plaintiff on both counts; and the defendant alleged exceptions.

*J. W. Corcoran & H. Parker*, for the defendant.

*J. Smith*, for the plaintiff.

KNOWLTON, J. It was settled in *Blanchard* v. *Cooke*, 144 Mass. 207, after a careful review and a full consideration of the authorities, that possession of after-acquired personal property, rightfully taken and maintained by a mortgagee, under a mortgage purporting to cover it, gives him a title good not only against the mortgagor, but even against an assignee in insolvency or an attaching creditor. That principle is applicable to the present case. The mortgage under which the defendant took possession covered property afterwards acquired in the plaintiff's business, and all the goods for which the plaintiff was permitted to recover under his third count were so acquired, and were lawfully taken into possession by the defendant under the mortgage, and were sold in proceedings to foreclose the mortgage. There was no evidence upon which recovery could be had under the third count, and the rulings as to this part of the case were erroneous.

We discover no error in the refusals and instructions upon the other questions raised. Acceptance by the plaintiff of the proceeds of the sale under the mortgage was an affirmance of the sale, but it was not necessarily a waiver of a claim founded on fraud in conducting the sale. *Montgomery* v. *Pickering*, 116 Mass. 227. If there was such fraud, and no waiver, the plaintiff might well maintain his action on the first count in the amendment to his declaration. *Fenton* v. *Torrey*, 133 Mass. 138.

The evidence as to the disposition of the property by the defendant, after he took possession of it on August 24, was competent, so far as it bore upon the question whether he acted fairly and in good faith in conducting the foreclosure.

*Exceptions sustained.*