SOPHIE C. ROGERS & another *vs.* LORING W. BARNES.

Suffolk.   November 20, 1896. — September 13, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — Wrongful Execution of Power of Sale — Action — Pleading — Damages.*

An action for the wrongful execution of a power of sale in a mortgage of land is transitory.

The allegation in a declaration in an action for the wrongful execution of a power of sale in a mortgage of land, that the person to whom the defendant conveyed the premises was a purchaser in good faith, if material, is material only on the question of damages.

A mortgagee of land, when there has been no default or breach of the conditions of the mortgage, cannot sell the land under the usual power of sale contained in a mortgage, so as to pass a good title even to a *bona fide* purchaser for value, or to any subsequent purchaser from him.

An action may be maintained by a mortgagor of land against the mortgagee for the wrongful execution of a power of sale in the mortgage, whether a subsequent purchaser from the purchaser at the sale took a good absolute title or not; and the plaintiff, if he so elects, may recover full damages of the defendant, whether he can or cannot redeem the premises from such purchaser. ALLEN, HOLMES, & KNOWLTON, JJ., dissenting.

TORT, for the wrongful execution of a power of sale in a mortgage of land in Lexington, and for trespass thereon, with a count in contract.   In the Superior Court, a demurrer to the declaration was overruled as to the first count, and sustained as to the third count; and the defendant appealed to this court. At the trial on the first count, before *Gaskill,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

The case was argued at the bar in November, 1896, and afterwards was submitted on briefs to all the justices.

*M. S. Case,* for the defendant.

*W. H. Baker,* for the plaintiffs.

FIELD, C. J.   The plaintiffs' declaration contained three counts.   The substance of the first count, which is in tort, is that the plaintiffs made a mortgage to the defendant, dated March 2, 1893, of a parcel of land to secure the payment of

$1,200 in one year from said date, with interest thereon payable semiannually; that there was no default in the performance of the conditions of the mortgage, but that on October 16, 1893, the defendant sold the mortgaged premises at public auction for an alleged breach of condition, and conveyed them to some person to the plaintiffs unknown, after occupying them a long time for his own use, whereby the plaintiffs have been greatly damaged, and have lost their said premises.

It is unnecessary to describe the second and third counts, because it is conceded that the second is out of the case in some manner not disclosed by the papers before us, and the demurrer was sustained as to the third count. The demurrer was overruled as to the first count, and the defendant appealed. The case was afterwards tried on the first count.

On the appeal from the order overruling the demurrer as to the first count, the defendant contends that the cause of action there stated is local, and that the count is defective in not alleging good faith on the part of the purchaser of the premises from the defendant. The land mortgaged was in the county of Middlesex, and the action was brought in the county of Suffolk. We think that the gist of the cause of action alleged in the first count is the wrongful execution of the power of sale contained in the mortgage, there having been at that time in fact no breach of the conditions of the mortgage. Under the power of sale contained in the mortgage it was not necessary for the defendant to enter upon the premises before executing the power, although it is provided in the mortgage that the sale must be on or near the granted premises. The cause of action alleged does not arise from any injury to the real property, but from misconduct in executing a power of sale. We think that the action is transitory.

The objection that it is not alleged in the count that the person to whom the defendant conveyed the premises was a purchaser in good faith, was not specifically pointed out in the demurrer, and if such an allegation is material, we think that it is material only on the question of damages.

The exceptions recite as follows: "It appeared that on the 16th day of October, 1893, the defendant made an entry on the premises for purposes of foreclosure, and attempted on the

same day to execute the power of sale. It was not disputed that at this time there was no breach of the conditions of the mortgage by the mortgagor. It also appeared that, so far as the records showed, the foreclosure was apparently proper in form. It also appeared that the property was purchased at the sale by Hammond Reed, and afterwards conveyed by said Reed to the defendant; that the purchase by said Reed was on behalf of the defendant. It also appeared that on September 3, 1894, the defendant sold and conveyed the property to one Thomas Rice by warranty deed, which deed was recorded on September 10, 1894. All of the above mentioned conveyances were duly recorded, together with the power of sale, foreclosure deed, and affidavit, as required by law."

The defendant requested the following instructions to the jury. " First. This action cannot be maintained, for the reason that the attempt to foreclose a mortgage of real estate, when there has been no breach of its terms, is absolutely void, and no damages can result therefrom. Secondly. No subsequent act of either party can make a foreclosure of a mortgage of real estate, which foreclosure is void at its inception, valid. Thirdly. A recovery in an action on the case, founded upon the attempt to foreclose a real estate mortgage when there was no breach of its terms, will not have the effect to make the attempted foreclosure valid, or the title conveyed thereby good."

These instructions the court declined to give, except so far as they were embodied in the charge to the jury. In the charge to the jury the court said: " This action is brought by two people, who had title and interest in certain real estate owned by one of them, the title to which was in one of them, the other being the husband of that person. A mortgage had been given by the plaintiffs to the defendant for $1,200. By the terms of that mortgage the interest upon the principal sum was to be paid semiannually. The mortgage was given on March 2, 1893. It appears that the last payment or advance of the $1,200 to the plaintiffs was made by the defendant shortly after August 14, 1893, at which time the total amount advanced under the $1,200 mortgage was $1,128. It is admitted that $36 of the difference between that and $1,200 was detained and retained as interest for the first six months, and that the balance, $36, was retained for

the payment of a commission. . . . It being admitted now that there was no breach of any of the conditions of that mortgage at the time of the pretended sale, the sale operated to convey no title under it. It was an absolute nullity, as if nothing had taken place. If it remains there, and that is all there is to it, then the only damage which the plaintiff has suffered is a nominal damage. But if you are satisfied that prior to the commencement of this action the property had been conveyed by the defendant to one Rice, without any knowledge upon the part of Rice or notice to Rice of this unlawful act of the defendant, and that Rice bought it for value, then that would operate as conveying a good title to Rice; so that the plaintiff would have no means of getting himself back into possession of that property, it having gone into the possession by that conveyance of some one who purchased it for value, in good faith, and without notice of the unlawful act by which the record title of that property came into the defendant. The obligation upon the mortgagee is to deal with the utmost good faith with a mortgagor. If you are satisfied that this defendant knew, or ought to have known, that there was no breach of the condition of that mortgage at the time specified when he foreclosed, or attempted to, — took the foreclosure proceedings, — and that subsequently, before this action was brought, title had been conveyed to an innocent purchaser for value without notice, then this action can be maintained for more than nominal damages, if you find more to exist." The jury returned a verdict for $1,108.87.

There seems to be no doubt that an action like this can be maintained if, in consequence of the sale, the absolute title to the premises has passed to Rice. *Fenton* v. *Torrey*, 133 Mass. 138. *Bennett* v. *Bailey*, 150 Mass. 257. *Sherwood* v. *Saxton*, 63 Mo. 78, 83. Even if Rice has not acquired an absolute title as against the plaintiff, but should be held on the facts found in this case to be only an assignee of the mortgage, still the sale and the subsequent deeds, we think, have done some injury to the plaintiffs. They constitute a cloud upon the title of the plaintiffs to an equity of redemption in the premises, which cannot be removed without some expense to the plaintiffs, and the damages might be more than nominal.

When the sale under the power was made, it was apparent

that there might have been a breach of the conditions of the mortgage, because more than six months had expired from the date of the mortgage, and the first payment of interest had become payable. Whether it had been paid or not was a fact which the record in the registry of deeds would not disclose. The exceptions recite that it appeared that the records " showed the foreclosure was apparently proper in form," which means, we suppose, that within thirty days of the sale a copy of the notice of the sale and the affidavit of the person selling were duly recorded in the registry of deeds, pursuant to Pub. Sts. c. 181, § 18, and that by the affidavit it appeared that the power of sale had been duly executed. By this section of the statute a duly certified copy of the record thereof " shall be admitted as evidence that the power of sale was duly executed." By the record the title conveyed to Rice appears to be a good absolute title. The defendant contends that as in fact there was no breach of the conditions of the mortgage when the foreclosure sale was made, it was void, and that the conveyances at most operated only as an assignment of the mortgage, and that the plaintiffs have the same right to redeem the land from the mortgage as they ever had, because the copy of the record of the notice of sale and of the affidavit is only evidence that the power of sale was duly executed, but not conclusive evidence.

The difficult question in this case is that of damages. It was a condition precedent to the exercise of the power of sale that there should be " any default in the performance or observance " of the conditions of the mortgage, and as there was in fact no default, the sale was unauthorized. As between the mortgagor and the mortgagee, the sale would be declared void. So long as the title to the land remained in the defendant, the plaintiffs undoubtedly could have redeemed it from the mortgage. But Rice in effect has been found by the jury to have been a purchaser for value without notice of any unlawfulness in the sale, and the jury have assessed the damages on the theory that the plaintiffs by the acts of the defendant have lost all title or interest in the premises. The law goes a great way in protecting the title of a purchaser for value without notice or knowledge of any defect in the power of the vendor to sell, and his title is not to be affected by mere irregularities in executing a power of sale con-

tained in a mortgage, of which irregularities he has no knowl-edge, actual or constructive. *Burns* v. *Thayer*, 115 Mass. 89. *Dexter* v. *Shepard*, 117 Mass. 480. *Thompson* v. *Heywood*, 129 Mass. 401. *Stevenson* v. *Hano*, 148 Mass. 616. *Silva* v. *Turner*, 166 Mass. 407, 413. In *Montague* v. *Dawes*, 12 Allen, 397, it was held that a tender duly made by the mortgagor, but not followed by a bill to redeem, did not affect the title to a *bona fide* purchaser claiming title by mesne conveyances from the purchaser at a sale under the power in the mortgage. Still, the general rule is that conditions precedent to the execution of a power of sale must be strictly complied with. *Smith* v. *Provin,* 4 Allen, 516. *Roarty* v. *Mitchell*, 7 Gray, 243. *Foster* v. *Boston*, 133 Mass. 143. *Dearnaley* v. *Chase*, 136 Mass. 288. See, for cases cited by the plaintiffs, *Jackson* v. *Henry*, 10 Johns. 185; *Gibbons* v. *Hoag*, 95 Ill. 45; *Warner* v. *Blakeman*, 36 Barb. 501; *Hoit* v. *Russell*, 56 N. H. 559; *Merchant* v. *Woods*, 27 Minn. 396; *Gunnell* v. *Cockerill*, 79 Ill. 79; and for cases cited by the defendant, *Shippen* v. *Whittier*, 117 Ill. 282; *Pratt* v. *Tinkcom*, 21 Minn. 142; *Williams* v. *Peyton*, 4 Wheat. 77.

On principle we think it must be considered that in this Commonwealth a mortgagee, when there has been no default or breach of the conditions of the mortgage, cannot sell the land mortgaged under the usual power of sale contained in a mort-gage so as to pass a good title even to a *bona fide* purchaser for value, or to any subsequent purchaser from him. The mortgagor undoubtedly, by laches or by acts amounting to an estoppel, may be prevented from contesting the validity of such a title. He may ratify the sale and the deed given under the power of sale by parol. *McIntyre* v. *Park*, 11 Gray, 102. The argument certainly is strong that a *bona fide* purchaser for value ought to be protected in his title by what appears on the record in the registry of deeds, in the absence of knowledge to the contrary; but the argument is, we think, stronger that a mortgagor should not be deprived, without his knowledge and assent, of his equity of redemption by a sale under a power contained in a mortgage which authorizes a sale only in case of a default, when there has been no default. A majority of the court, however, do not think that the decision of this case necessarily depends upon the ques-tion whether Rice took a good absolute title or not. The case

of the plaintiffs, taken most favorably for the defendant, somewhat resembles that of a conversion of personal property where the owner can sue the wrongdoer and recover the full value of the property converted, even though the title to the property did not pass by the conversion, or can recover the property itself, or is like the case of a misappropriation or unauthorized investment or sale of trust property, where the *cestui que trust* can compel the trustee to account for the full value of the property, even although the property or some of it can be recovered. In none of these cases can the plaintiff recover both the property and full damages for the conversion or misappropriation of it, but if he recover judgment for full damages, and they are paid, the title to the property passes to the wrongdoer and his grantees. A mortgagee in executing the power of sale contained in a mortgage is in a sense a trustee for the mortgagor. In the present case a majority of the court think that the plaintiffs, if they so elect, can recover full damages of the defendant, whether they can or cannot redeem the premises from Rice. If the damages recovered are paid, the effect is to make Rice's title good as against the plaintiffs. The defendant for the purpose of mitigating damages cannot be heard to say that he has not done what he intended to do, and what on the face of the transaction he appears to have done, when what he has done will become valid if he pays the damages. In the view of a majority of the court, there is no error of law in the exceptions prejudicial to the defendant.                    *Exceptions overruled.*

Justices Allen, Holmes, and Knowlton are unable to agree with the decision of the court. They had not been aware that the form of recovery for the conversion of chattels had been applied to real estate, or that if land is wrongfully withdrawn from its owner there is any remedy at common law except to recover the land. They had supposed, furthermore, that when a deed purporting to execute such a power as this in fact was outside the terms of the power and was wholly void, it could not be resuscitated at a later moment by a parol ratification on the part of the donor, and more specifically that the doctrine of *Miller* v. *Hyde*, 161 Mass. 472, never had been applied to real estate. Furthermore, they doubt whether, if the mortgage sale

is ratified, the plaintiffs can have any claim except that the price actually received shall be accounted for. But in their opinion these questions are not open. The first count of the declaration insists throughout that the attempted sale was unlawful. It does not in any way purport to accept and ratify it. It expresses an erroneous opinion, it is true, that a subsequent second sale to a third person conveys a good title, whether the plaintiffs assent or not, which is not the law. But the gravamen of the count is falsely alleging the conditions to exist which warrant a sale of the plaintiffs' property under the mortgage, and unlawfully purporting to sell it, and by these acts slandering the plaintiffs' title. Substantial damages properly could be allowed for such slander, but the instruction that, if the property had been sold again to a *bona fide* purchaser, this would give a good title, inevitably led to a verdict for the value of the property, and this constituted a mistrial.