Cordy, J.
(dissenting, with whom Gants, C.J., and Spina, J., join). In U.S. Bank Nat’l Ass’n v. Schumacher, 467 Mass. 421, *245 431 (2014) (Schumacher), we explained that the fact “[t]hat a mortgagee is prohibited from accelerating the maturity of the unpaid balance of the mortgage during the ninety-day cure period is a clear indication that foreclosure proceedings do not commence with the issuance of the written notice [required by G. L. c. 244, § 35A (§ 35A)].” Today the court reaches the opposite conclusion regarding a substantially similar notice required by a mortgage instrument. Because there is no sound basis for this distinction, which will have disruptive and unfair consequences for innocent third-party purchasers for years to come, I would conclude that the notice required by paragraph 22 of the mortgage instrument was not a component of the power of sale and, as a result, the defect therein rendered the foreclosure sale voidable rather than void.
The distinction between void and voidable foreclosure sales is one of profound significance for mortgagors, mortgagees, and subsequent purchasers of foreclosed property. Where a foreclosure sale is void, no title passes to the purchaser or the purchaser’s successors. Rogers v. Barnes, 169 Mass. 179, 184 (1897). Such a result is particularly concerning where, as here, the defect is contained in a notice that is not required to be recorded. Practically speaking, this means that a mortgagor may successfully unwind sales to innocent third parties years after the foreclosure, when the property has been conveyed to bona fide purchasers two, three, or four times removed from the foreclosure sale. See, e.g., Moore v. Dick, 187 Mass. 207, 212-213 (1905) (mortgagor redeemed property nineteen years after void foreclosure sale).
Conversely, where a foreclosure sale is voidable, legal title passes to the purchaser, Bevilacqua v. Rodriguez, 460 Mass. 762, 777-778 (2011), and a mortgagor may unwind the sale only by showing that the defect “rendered the foreclosure so fundamentally unfair that she is entitled to affirmative equitable relief.” Schumacher, 467 Mass. at 433 (Gants, J., concurring). The mortgagor may obtain such relief against the mortgagee and purchasers having notice of the defect, but she will not prevail in equity against a bona fide purchaser. See Restatement (Third) of Property (Mortgages) § 3.2 comment g (1997) (“a bona fide purchaser of legal title terminates equitable rights”). “The question in such cases [involving bona fide purchasers] is which of two innocent persons should suffer a loss which must be borne by one of them. The principle which is applied in courts of equity is that they will *246 not throw the loss upon a person who has innocently acquired title to property for value. The bona fide purchaser is not only entitled to retain the property free of trust, but he is under no personal liability for its value.” Restatement (First) of Restitution § 172 comment a (1937).
In discerning whether a foreclosure sale is void or voidable, “we adhere to the familiar rule that ‘one who sells under a power [of sale] must follow strictly its terms. If he fails to do so, there is no valid execution of the power, and the sale is wholly void.’ ” U.S. Bank Nat. Ass’n v. Ibanez, 458 Mass. 637, 646 (2011) (Ibanez), quoting Moore, 187 Mass. at 211. The terms integral to the power of sale include the existence of a default or breach of the mortgage, Rogers, 169 Mass. at 184; assignment of the mortgage at the time of foreclosure, Ibanez, supra at 648; assignment of the note or authority to act on behalf of the note holder at the time of foreclosure, Eaton v. Federal Nat’l Mtge. Ass’n, 462 Mass. 569, 584-586 (2012); proper advertisement of the foreclosure sale, McGreevey v. Charlestown Five Cents Sav. Bank, 294 Mass. 480, 483-484 (1936); and execution of the foreclosure sale on or near the premises, Tamburello v. Monahan, 321 Mass. 445, 446-447 (1947).
If, on the other hand, “there has been a literal compliance with the power, so that the legal title to the land passed to the purchaser, but for some reason as, for instance, a failure to act with due fidelity to the trust imposed by the power, there are equitable reasons why the sale should be set aside[,] ... the sale, being in law valid, is voidable only in equity, and the owner of the right to redeem must apply for relief in equity within a reasonable time.” Moore, 187 Mass. at 212. Another circumstance in which a foreclosure sale may be deemed voidable in equity, rather than void ab initio, arises where a mortgagee fails to comply with a term of the mortgage that is not part of the power of sale. See Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966) (“Legal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge. If there are other grounds to set aside the foreclosure the defendants must seek affirmative relief in equity”). One such term is a preacceleration notice of default. Cf. Schumacher, 467 Mass. at 432-433 (Gants, J., concurring) (defect in statutory notice of default not related to exercise of power of sale rendered foreclosure sale voidable in equity).
*247 In Schumacher, we explained that a “homeowner’s right to cure a default is a preforeclosure undertaking that, when satisfied, eliminates the default and wholly precludes the initiation of foreclosure proceedings in the first instance, thereby protecting and preserving home ownership.” Id. at 431. Accordingly, we observed that the notice required by § 35A was “designed to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced through invocation of the power of sale.” Id. In light of this purpose, we concluded that § 35A was “not one of the statutes ‘relating to the foreclosure of mortgages by the exercise of a power of sale,’ ” id., quoting G. L. c. 183, § 21, and, thus, the failure to strictly comply with § 35A rendered the foreclosure sale voidable rather than void. Schumacher, supra at 433 (Gants, J., concurring).
Here, paragraph 22 fulfils the same purpose and operates in the same manner as § 35A. As the court recognizes, the purpose of paragraph 22 is to give homeowners increased protection from acceleration and foreclosure without prior notice. See generally Forrester, Fannie Mae/Freddie Mac Uniform Mortgage Instruments: The Forgotten Benefit to Homeowners, 72 Mo. L. Rev. 1077, 1090 (2007); Jensen, Mortgage Standardization: History of Interaction of Economics, Consumerism and Governmental Pressure, 7 Real Prop. Prob. & Tr. J. 397, 409, 414 (1972). In view of the similarities in purpose and effect, it would defy logic to hold that, on the one hand, the notice required by § 35A is not related to the exercise of the power of sale, but, on the other hand, the notice required by paragraph 22 is related to the exercise of the power of sale.[1] Yet, that is precisely what the court holds in this case.
*248 The court reaches this holding by advancing a new and expansive interpretation of our decision in Foster, Hall & Adams Co. v. Sayles, 213 Mass. 319 (1913). The question in Foster, Hall & Adams Co. was not, however, whether the foreclosure sale was void, but whether there was reasonable doubt as to the title offered by the defendant. Id. at 322. A doubt as to title is reasonable if it “would cause a prudent man to pause and hesitate before investing his money.” Id. at 321, quoting First African Methodist Episcopal Soc’y v. Brown, 147 Mass. 296, 298 (1888). The court concluded that the mortgagee’s complete failure to provide a notice of default created such a doubt. Foster, Hall & Adams Co., supra at 324.
It is important to appreciate the context in which the Foster, Hall & Adams Co. case arose, particularly the fact that the plaintiff was a buyer with notice of a potential title defect. Id. at 321-322. We have long said that “[t]he law goes a great way in protecting the title of a purchaser for value without notice or knowledge of any defect in the power of the vendor to sell.” Bevilacqua, 460 Mass. at 777, quoting Rogers, 169 Mass. at 183. The law does not go a great way, however, in protecting the title of those who do have notice of defects in the seller’s title. See Bevilacqua, supra at 778 (“a factual prerequisite — purchase by [the plaintiff] without notice of the defects in [the mortgagee’s] title — does not exist”).
The upshot is that, had the plaintiff in Foster, Hall & Adams Co. gone forward with the transaction, it would have been unprotected by bona fide status had the foreclosure sale later been set aside as a result of the defect. It was unnecessary to decide whether the foreclosure sale was void or voidable because, in either circumstance, the complete failure to provide a notice of default and the right to cure would have created a reasonable doubt as to the title being taken by the plaintiff. We have never interpreted this century-old case to mean that any defect in a notice of default required by a mortgage instrument renders a foreclosure sale void ab initio, cf. Costello v. Tasker, 227 Mass. *249 220, 223 (1917), citing Foster, Hall & Adams Co., supra at 321 (“plaintiffs having failed to prove that the title tendered by the bill will not expose the defendants to litigation, the decree dismissing the bill should be affirmed”), and in light of the harsh consequences that such an interpretation would have for bona fide purchasers, the court should decline to do so here.
The prospective character of the court’s ruling does little to alleviate these consequences for future purchasers because the paragraph 22 notice is not required to be recorded. Consequently, the notice ordinarily will not be discovered during an examination of the record title. Although some prospective purchasers may be able to obtain copies of the notice by scouring the documents filed in the Land Court in connection with Servicemembers Civil Relief Act (servicemember) proceedings, a servicemember action is not part of the mortgage foreclosure proceedings and does not create a basis for a mortgagor to challenge the validity of foreclosure sale. See Eaton, 462 Mass. at 580 n.14. See also Beaton v. Land Court, 361 Mass. 385, 390 (1975). Moreover, requiring purchasers to engage in such a treasure hunt is contrary to the purposes of the recording system, which was intended to be “self-operative and to notify purchasers of existing claims . . . [through] a public record from which prospective purchasers of interests in real property may ascertain the existence of prior claims that might affect their interests.” Selectmen of Hanson v. Lindsay, 444 Mass. 502, 507 (2005), quoting 14 R. Powell, Real Property § 82.01[3], at 82-14 (M. Wolf ed. 2000).
Although holding that a paragraph 22 notice defect renders the sale voidable would mean that a mortgagor could not defeat a bona fide purchaser by virtue of the defect, the mortgagor would nonetheless retain the ability to defeat a bona fide purchaser (and the mortgagee) on any of the substantive grounds relating to the exercise of the power of sale. For example, in this case, the plaintiffs argue that Emigrant Mortgage Company, Inc. (Emigrant), transferred the mortgage and note prior to the foreclosure and therefore lacked the authority to foreclose. The court does not reach this argument, but if the plaintiffs were to prevail on it, they would defeat Harold Wilion’s summary process action because the foreclosure sale would be void as a matter of law — irrespective of the paragraph 22 issue.[2] See Eaton, 462 Mass. at 584-586; Ibanez, 458 Mass. at 647-648. In other words, the fact *250 that the plaintiffs did not receive notice that they had to initiate an action to assert this substantive claim did not undermine their ability to do so successfully.* *[3]
This is not to say, however, that the notice sent by Emigrant in this case was sufficient to fulfil its obligations under the mortgage instrument. Our cases have required strict compliance with contractual provisions that call for notice of important rights adverse to the person required to provide the notice. See, e.g., Sweeney v. Morey & Co., 279 Mass. 495, 500 (1932) (“There must be strict compliance with requirements . . . [that] relate to matters where the essential facts to be embodied in the notice are known to the person required to give the notice, and the notice is designed to draw the attention of his adversary to those facts”). As the court points out, because the plaintiffs entered into their mortgage with Emigrant in Massachusetts, a nonjudicial foreclosure State, the language in paragraph 22 requiring Emigrant to inform the plaintiffs of “the right to bring a court action to assert the nonexistence of a default or any other defense of [the plaintiffs] to acceleration and sale” was particularly important. Therefore, I agree with the court that Emigrant was required to strictly comply with the provisions of paragraph 22.
Nonetheless, because, in my view, the notice required by paragraph 22 — like the notice required by § 35A — is not a component of the power of sale, a mortgagor who has received a defective notice should be required to establish that he or she was prejudiced by the defect. Schumacher, 467 Mass. at 433 (Gants, J., concurring). Once the property has been conveyed to a bona fide purchaser, however, the mortgagor is limited to either an action for breach of contract against the mortgagee or an action *251 establishing that the foreclosure sale is void on some ground actually related to the exercise of the power of sale. See Bevilacqua, 460 Mass. at 778. See also Beaton, 367 Mass. at 392-393 (discussing mortgagor’s avenues of relief from foreclosure through court actions). Because Wilion was a bona fide purchaser insulated from the voidable character of the foreclosure sale, I would conclude that the defect in the paragraph 22 notice was insufficient to defeat his interest in the property. Therefore, I respectfully dissent.

The court suggests that this observation fails to grapple with the distinction between the terms of the mortgage instrument and the statutes relating to foreclosure by the power of sale. That is simply not true. On the one hand, the court recognizes that the valid exercise of the power of sale does not depend on the mortgagee’s “punctilious performance of every single mortgage term,” but only those “integrally connected” to the power of sale. See ante at 235, 243. On the other hand, however, the court explains that the proof that the paragraph 22 notice is integrally connected to the power of sale is that — unlike the notice required by G. L. c. 244, § 35A, as amended by St. 2010, c. 258, § 7 (§ 35A) — it is contained in the mortgage instrument. See ante at 241-242. These positions cannot be squared. A notice of default and the right to cure is either connected to the power of sale or it is not. If placement in the mortgage is not dispositive of this connection, see ante at 235-236, treating these notices differently requires some other rationale. The inquiry into the purpose and operation of each notice *248 confirms that such a rationale does not exist. Section 35A provides, in relevant part, that the “mortgagee, or anyone holding thereunder, shall not... enforce the mortgage because of a default... until at least 150 days after the date a written notice is given by the mortgagee to the mortgagor.” If that language does not create a condition precedent or integral connection to the valid exercise of the power of sale — and it does not, see U.S. Bank Nat’l Ass’n v. Schumacher, 467 Mass. 421, 431 (2014) (Schumacher) — the substantially similar language of paragraph 22 does not either.

Indeed, the plaintiffs’ delay in asserting their claims is better attributed to the five bankruptcy petitions they filed between September, 2010, and July, 2012, *250 the most recent of which was dismissed after a judge in the United States Bankruptcy Court for the District of Massachusetts concluded that it was filed as “part of a scheme by [one of the plaintiffs in the instant action] to delay Emigrant and was filed without a reasonable prospect of saving the property from foreclosure.” In re Leslie Phillips, U.S. Bankr. Ct., No. 12-15749-FJB, slip op. at 1, 3, (Bankr. D. Mass. Aug. 8, 2012).

The court suggests that mortgagors would be prejudiced if, for example, the underlying substantive claim were a failure to give notice pursuant to § 35A. The court reasons that if the mortgagor is not aware that she has to initiate an independent action to assert the § 35A defect, the sale to a bona fide purchaser would forever foreclose her from doing so because a § 35A defect renders the sale voidable rather than void. Under this reasoning, however, holding that the paragraph 22 notice renders the sale void essentially creates a backdoor for the mortgagor to a defeat bona fide purchaser on § 35A grounds — a result that is plainly at odds with the Schumacher case.