HERBERT E. DENNETT & another *vs.* EDMUND D. CODMAN & others.

Suffolk. March 22, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mortgage — Equity — Remedy — Action.*

If a mortgagor of land brings a bill in equity to redeem it from the mortgage, offering to pay the amount found due thereon, and to set aside a foreclosure sale, upon which a decree is entered granting the relief sought and giving him a certain time in which to redeem, the remedy so obtained is full and adequate, and if he fails to avail himself of it he cannot afterwards maintain an action against the defendant for conspiracy to defraud him of the land, and fraudulently to foreclose the mortgage.

TORT, for slander of title and conspiracy to defraud the plaintiffs of certain land in Belmont, and fraudulently to foreclose a mortgage thereon. Trial in the Superior Court, before *Blodgett,* J., who ruled that the action could not be maintained, and directed the jury to return a verdict for the defendants; and the plaintiffs alleged exceptions. The facts material to the point decided appear in the opinion.

*M. L. Sanborn,* for the plaintiffs, submitted the case on a brief.

*C. K. Cobb,* for the defendants Edmund D. and Robert Codman, Jr., also submitted the case on a brief.

*M. Storey,* for other defendants.

KNOWLTON, J. The plaintiffs abandoned their counts for slander of title, and left the case to stand on their allegations of conspiracy to deprive them of a parcel of land, and fraudulently to foreclose a mortgage upon it. There is no evidence that the defendants, or either of them, did anything that they had not a right to do, or that they resorted to any illegal means to do anything, unless it be in the foreclosure of the mortgage under the power of sale.

If we assume in favor of the plaintiffs that the jury might have found such negligence or misconduct on the part of the defendants in making the sale as would render the sale invalid, it does not appear that the plaintiffs have suffered from it. They saw fit to bring a bill to redeem the land from the mortgage, as they might have done if no sale had been made, and they offered in it to pay the defendants what should be found due on the mortgage. In this bill they sought a remedy for the alleged wrong that had been done them in the proceedings to foreclose, by asking for a decree which should set aside the sale. They obtained the relief which they sought, through a decree which left their rights as if no sale had ever been made. They were dissatisfied with the decree, and appealed therefrom on the ground that it required them to redeem within a time stated, namely, within forty-five days from the entry of the decree, when, as they contended, it should have permitted redemption "at any time before a valid and effectual foreclosure of said mortgage by a new execution of the power of sale therein, or otherwise." But this court overruled their contention and affirmed the decree. *Dennett* v. *Codman*, 158 Mass. 371. After the decision on the appeal, they still had forty-five days within which to redeem the property, but they failed to redeem it at any time. The remedy which they obtained on their bill in equity was full and adequate. Their right of redemption was defined by the court, as is usual in such cases, and they were left without injury from the foreclosure of which they complained. They lost their land, not by reason of the foreclosure, but because of their failure to redeem it within the time allowed them by the court. Having elected their remedy, and having obtained full satisfaction, which failed to be beneficial to them only through their misfortune or neglect, there is nothing left upon which they can found a claim for damages. The ruling directing a verdict for the defendants was correct.

In the view which we take of the case, the memorandum of the justice who heard the parties in equity was immaterial.

*Exceptions overruled.*