Mary A. O'Brien *vs.* Lawrence J. Logan & others.

Suffolk.    October 21, 1920. — November 29, 1920.

Present: Rugg, C. J., De Courcy, Crosby, Carroll, & Jenney, JJ.

*Election. Mortgage,* Foreclosure, Redemption. *Equity Jurisdiction,* Retention of
suit for assessment of damages.

A suit in equity, begun in May, 1907, to have a foreclosure of a second mortgage
upon real estate of the plaintiff declared invalid, the plaintiff given a right to
redeem, and "that the plaintiff may be awarded damages . . . for the injuries
done her by the defendant," was referred to a master, and, upon facts found by
him, an interlocutory decree was entered in October, 1908, adjudging that the
plaintiff was entitled to redeem from the second mortgage by paying the amount
due upon the mortgage note and again referring the case to the master for the
determination of that amount.  The plaintiff at the time of the sale had known
that it was to take place and knew the balance due on the mortgage note.
In December, 1908, the first mortgage was foreclosed by sale under a power of
sale therein and the property was sold to one who had represented the second
mortgagee in the proceedings in foreclosure of that mortgage, but who at the
sale in foreclosure of the first mortage purchased in his individual behalf.  In
December, 1915, a motion by the plaintiff to have the master's report con-
firmed was allowed, at her request, as of October, 1908.  A final decree was
entered in 1920 directing the payment to the plaintiff of any balance left in
the hands of the first mortgagee after satisfaction of the provisions of the
first and second mortgages.   The plaintiff appealed and contended that she
should be given relief in damages.   *Held,* that

(1) The plaintiff was not entitled to a decree awarding her both redemption
from the second mortgage and damages because of its wrongful foreclosure;

(2) The plaintiff had elected to waive damages and rely on her right to
redemption;

(3) The foreclosure of the first mortgage did not give the plaintiff a right to
abandon the remedy which she previously had elected to pursue and to have
relief by damages.

BILL IN EQUITY, filed in the Superior Court on May 7, 1907,
and afterwards amended, as stated in the opinion, for redemption
of certain property on Bowdoin Street in Boston from a second
mortgage held by the defendant Lawrence J. Logan, the plaintiff
alleging that the property had been sold and conveyed to the
defendant John A. Coveney at a sale purporting to be in fore-
closure of that mortgage, and that the sale should be declared void.
There also were prayers for an accounting, "that the plaintiff may
be awarded damages against the defendant Logan for the in-
juries done her by the defendant," and for general relief.

The suit was heard twice by masters. Findings of the masters are described in the opinion. An interlocutory decree was entered on October 31, 1908, by order of *Wait*, J., confirming the report of the first master, and directing that the suit again be referred to him to assess the amount due the defendant Logan on the second mortgage.

After a hearing by *Lawton*, J., the report of the second master was confirmed, and a final decree was entered on January 22, 1920, directing the Columbian Life Insurance Company to pay to the defendant Lawrence J. Logan $3,693 with interest, and to pay to the plaintiff the balance of the amount which it had received at the sale in foreclosure of the first mortgage. The plaintiff appealed.

*H. B. Ehrmann,* for the plaintiff.

*J. E. Hannigan,* for the defendants.

CROSBY, J. This is a bill brought to set aside a foreclosure sale under a power in a junior mortgage and for an accounting, with a prayer for alternative relief as follows: "Or that the plaintiff may be awarded damages against the defendant Logan for the injuries done her by the defendant." The bill was filed on May 7, 1907. The original plaintiff having died since the filing of the bill, her heirs and the administrators of her estate have been made parties plaintiff. By amendment, Edward L. Logan, Thomas McCormick, and the Columbian National Life Insurance Company have also been added as parties defendant. The defendant Lawrence J. Logan will hereafter be referred to as the defendant, and the Columbian National Life Insurance Company as the Company. We do not deem it necessary to refer to all of the many docket entries and proceedings during the past thirteen years.

On October 10, 1905, the plaintiff, being the owner of two double apartment houses and land appurtenant thereto, which houses were regarded as four buildings, gave to the Company four first mortgages on the property for a total of $18,000, and to the defendant a second mortgage on the property for $2,250. The defendant commenced proceedings for the foreclosure of his mortgage, under the power of sale therein contained, for a breach of its conditions. The sale was advertised to take place on April 29, 1907, at ten o'clock in the forenoon; it was twice postponed, and on May 2, 1907, it took place and the property was purchased by

one Coveney, who was the highest bidder, and who acted in the interest of the defendant. On May 7, 1907, the plaintiff's bill was filed. On May 7, 1908, she was allowed to amend her bill by joining Edward L. Logan as a defendant, by alleging, among other things, that the sale under the second mortgage by the defendant was void, and by praying that she be awarded damages against Edward L. Logan for the injury sustained by reason of the alleged foreclosure proceedings. The case was referred to Stephen H. Tyng, Esquire, as master, who found that while there was no real intention on the part of Edward L. Logan, who represented the defendant in the foreclosure proceedings, to act otherwise than in good faith, nevertheless the sale was not conducted with a reasonable regard for the rights of the mortgagor. The master's report was filed on September 20, 1908. Thereafter on October 31, 1908, an interlocutory decree was entered overruling the defendant's exceptions to the master's report, confirming the report, and decreeing that the plaintiff was entitled to redeem by paying the amount due on the mortgage, and referring the case back to the master to determine that amount.

The record shows that on December 24, 1908, the Company as first mortgagee, there having been a default in the condition of the mortgages held by it, foreclosed them under the power of sale, and the property was sold to Edward L. Logan for $22,850, leaving a surplus of $3,773.03 in the hands of the Company. A second amendment to the bill was allowed on January 22, 1909, and was dismissed on demurrer on July 17, 1919, but without prejudice to the plaintiff's rights otherwise acquired against the defendants. Mr. Tyng having died, the case was referred to another master, "to take an accounting between the parties and to ascertain [1] the amount due the defendant Lawrence J. Logan under his mortgage, . . . [2] the value of the property described in the plaintiff's bill as of the date of the foreclosure of said mortgage . . . [3] the damages suffered by the plaintiff by reason of the wrongful foreclosure of said mortgage . . . and [to] report his findings to the court, together with such facts and questions of law as either party may request." The master filed a report which was recommitted to enable the defendant to present testimony as to the value of the real estate, and also to take the testimony of Edward L. Logan, who was absent from the country in the military

service of the government at the time of the first hearing before the master. After the master had filed his final report, the case was heard on motions of the plaintiff to recommit and discharge the report, and upon the exceptions thereto. An interlocutory decree was entered overruling the motions and exceptions and confirming the report. A final decree has been entered and the case is before us on the plaintiff's appeal from that decree.

The grounds upon which the plaintiff bases her claim for relief are stated in the brief of her counsel as follows: "The plaintiff contends that her right to equitable relief, whether redemption or damages, became fixed at the time of the wrongful foreclosure of the second mortgage, and that the only effect of the foreclosure of the first mortgages is that redemption as a remedy may be no longer possible or practicable. Since the wrong which has been done may no longer be specifically righted because of an event subsequent to the wrongdoing, the plaintiff contends that relief should be awarded her in damages, according to settled principles of equity jurisprudence."

The master found upon evidence which is not before us that there was due the defendant when the mortgage was attempted to be foreclosed on May 2, 1907, the sum of $2,147.93, and that this sum had been increased to $3,593.68 on August 15, 1919; that no tender of payment had ever been made by the plaintiff; and that the property was worth $30,000 on May 2, 1907. The plaintiff contends that, if relief by redemption is no longer possible because of the foreclosure of the first mortgages, at common law she is entitled to damages suffered by reason of the defendant's wrongful foreclosure. If we assume that she would have been entitled to damages if she had sought a recovery therefor upon the principle decided in *Rogers* v. *Barnes,* 169 Mass. 179, and had not relied on her remedy to redeem for the invalid sale, she was not entitled to both remedies, — they are inconsistent with each other. *Rogers* v. *Barnes, supra. Hewitt* v. *Hayes,* 205 Mass. 356, 364. There was abundant evidence that she elected to waive damages and relied on redemption, and the master so found; she cannot because of the foreclosure of the first mortgages abandon that remedy and have the relief which she now seeks.

After the report of the master was filed, in which it was found that the foreclosure was invalid, no finding was made as to the

amount due the defendant; that was determined by the master afterwards appointed, who also found that "The plaintiff knew that the sale was to take place, knew the amount of the mortgage and interest due, and knew, or had opportunity to know, just what the balance due was," and that she made no tender of what was due and never questioned the account of the defendant, who through a third party was the real purchaser at the sale and remained in possession until the first mortgagee took possession seventeen and one half months later. In view of these findings the plaintiff cannot rely upon the fact that no judicial determination of the amount due the defendant was made before the foreclosure of the first mortgages; she had ample opportunity to protect her rights by paying or tendering the amount due after the decree setting aside the sale had been entered. The foreclosure of the first mortgages was after default, and there is nothing to show that the proceedings were not in all respects regular and valid; the Company had a right to foreclose and the defendant could not have prevented such action. The circumstance that the properties sold for less than their full value cannot affect the rights of the parties. *Austin* v. *Hatch*, 159 Mass. 198. *Downing* v. *Brennan*, 232 Mass. 535, 538. The purchase at the sale by Edward L. Logan for himself was not unlawful.

It was in evidence that the plaintiff on December 18, 1915, nearly seven years after an interlocutory decree had been entered allowing her to redeem from the sale made by the defendant, filed a motion that a decree be entered as of October 31, 1908, confirming the master's report and overruling the defendants' exceptions thereto, and that this motion was allowed; it therefore appears that long after the property had been sold under the first mortgages the plaintiff still relied on redemption, which was a full and adequate remedy if she had taken proper steps to protect her rights. The defendants were in no way legally responsible for the sale under the first mortgages by which the plaintiff lost her equity in the property; the loss of her right to redeem was not due to any wrongful act of the defendants or either of them, she has not suffered damage by their acts, and the master so found. He also found that "The plaintiff lost her land, not by reason of the sale of May 2, 1907, but because she failed to pay the debt due the Insurance Company." *Ryder* v. *Brockton*

*Savings Bank*, 235 Mass. 476. In *Dennett* v. *Codman*, 168 Mass. 428, a case analogous in some respects to the present case, it was said of the plaintiffs at page 429: "Having elected their remedy, and having obtained full satisfaction, which failed to be beneficial to them only through their misfortune or neglect, there is nothing left upon which they can found a claim for damages." *Flanders* v. *Hall*, 159 Mass. 95. *Hewitt* v. *Hayes, supra*. The plaintiff did not mistakenly choose a remedy that did not actually exist as in *Snow* v. *Alley*, 156 Mass. 193. *Doucette* v. *Baldwin*, 194 Mass. 131.

The conclusions of law stated by the master that the plaintiff was not entitled to recover on the facts found by him, did not harm the plaintiff as the court must finally determine what the law is on the facts as found. *S. K. Edwards Hall Co.* v. *Dresser*, 168 Mass. 136, 139, 140. A careful examination of the entire record discloses no error.

The plaintiff having died since the bringing of the bill, the final decree should be amended by providing that the balance of the fund remaining after satisfying the amount due Lawrence J. Logan be paid to the administrator of the estate of Mary A. O'Brien. As so amended the decree is affirmed.

*Ordered accordingly.*