SETRAK K. BOYAJIAN *vs.* ELLEN M. HART.

Worcester.     December 7, 1933. — December 11, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Mortgage,* Of real estate: foreclosure.

While one executing a power of sale in foreclosure contained in a real estate mortgage is bound to exercise good faith and reasonable diligence to protect the interests of the mortgagor and the one holding the equity of redemption, such requirement does not preclude him, in advertising the sale, from printing display advertisements in several metropolitan newspapers or from posting upon the mortgaged premises a large display placard.

BILL IN EQUITY, filed in the Superior Court on January 10, 1933, and described in the opinion.

The defendant demurred to the bill. The demurrer was

heard by *Dillon*, J., and was sustained; and a final decree was entered dismissing the bill. The plaintiff appealed.

*S. K. Boyajian*, for the plaintiff.

*A. L. Hyland*, for the defendant.

By the Court. This is a suit by the owner of the equity of redemption of real estate situated in Framingham to restrain the foreclosure of a mortgage to secure the payment of a note executed by the plaintiff. It is alleged in the bill that the defendant as holder of the mortgage has started to foreclose it and has advertised the sale of the property. The charging part of the bill is that the defendant has printed display advertisements of the foreclosure sale in certain unnamed Boston newspapers and has posted on the mortgaged premises a large display placard of the foreclosure sale not authorized by the mortgage, whereby the rights of the plaintiff have been jeopardized in selling the property or in raising money to redeem it before the sale, and that thus the defendant has failed to act in good faith and with due regard to the interests of the plaintiff. A demurrer to the bill was sustained and a final decree entered dismissing the bill. The plaintiff's appeal brings the case here.

There are no allegations in the bill that there has not been default by the plaintiff in performance of the conditions of the mortgage, that there has been any unfairness in instituting the foreclosure, or that there has been failure by the defendant to comply with all the requirements of the mortgage as to the advertisements of the foreclosure sale and otherwise. The single ground for relief set forth in the bill is that there has been the stated publicity as to the foreclosure sale over and above the indispensable minimum prescribed by the mortgage.

One executing a power of sale contained in a mortgage is bound to exercise good faith and reasonable diligence to protect the interests of the mortgagor and the one holding the equity of redemption. *Taylor* v. *Weingartner*, 223 Mass. 243, 247. *Krassin* v. *Moskowitz*, 275 Mass. 80, 82, and cases cited. The allegations of the present bill fall far short of showing any violation of this principle. They

tend, rather, to indicate good faith in an endeavor to attract
more purchasers to the sale than would be accomplished by
a bare literal compliance with the terms of the mortgage.

*Decree affirmed with costs.*