WILLIAM GORDON *vs.* EMMA L. HARRIS, executrix.

Suffolk.    December 12, 13, 1933. — April 30, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Mortgage*, Of real estate: foreclosure. *Evidence*, Presumptions and burden of proof. *Practice, Civil*, Requests, rulings and instructions.

At the trial of an action for a deficiency remaining due on a mortgage note after application of the proceeds of a foreclosure sale, the burden was on the defendant to prove the defence, alleged by him, that the foreclosure had been effected without good faith and proper diligence on the part of the plaintiff.

A finding for the plaintiff in an action upon an issue with respect to which the burden of proof was on the defendant must stand unless agreed facts or evidence binding upon the plaintiff required a finding as matter of law that the defendant had sustained the burden of proof.

A party is not bound by the testimony of a witness called by him.

In an action for a deficiency remaining due on a second mortgage note after application of the proceeds of a foreclosure sale, in which the defence was that the foreclosure was effected without good faith and

proper diligence on the part of the plaintiff, a finding for the plaintiff was warranted notwithstanding that agreed facts or testimony binding on the plaintiff showed that the plaintiff at the foreclosure sale purchased the equity of redemption in the property subject to the first mortgage, which was in a substantial sum, and shortly thereafter sold the equity, subject to the first mortgage, for about double what he had bid it in for, and that previous to the foreclosure sale he had been told that the one to whom he later sold the equity was interested in the purchase of the property and had made a substantial offer for it, where there was also evidence that such purchaser did not attend the foreclosure sale, although he knew of it, and that he was not asked by the plaintiff to refrain from attending and bidding, and there was no evidence that previous to or at the time of the foreclosure sale the plaintiff and such purchaser had made any agreement for a subsequent sale to the latter, nor evidence requiring a finding that the foreclosure sale was conducted improperly.

Bad faith on the part of a mortgagee in foreclosing his mortgage is not shown by the mere fact that at the foreclosure sale he bid in the property for an inadequate price.

On the record, the denial by a judge, hearing an action without a jury, of certain requests which did not purport to raise questions of law but merely recited facts agreed upon at the trial was upon the ground that he was not obliged to deal with requests for findings of fact, and did not indicate that he refused to accept as conclusive the agreed facts recited.

CONTRACT. Writ dated March 31, 1931, and afterwards amended.

The action was heard in the Superior Court by *Whiting*, J., without a jury. Material agreed facts and evidence are stated in the opinion. Upon the defendant's requests for rulings the judge wrote the following: "For my action on the foregoing requests see my memorandum on the margin of each request. I am not required to act on requests for findings of fact." The judge found for the plaintiff in the sum of $6,595.81. The defendant alleged exceptions.

*H. B. Ehrmann*, for the defendant.

*J. Kruger*, for the plaintiff.

DONAHUE, J. This is an action against the defendant as the executrix of the will of her deceased husband, who was an indorser of a note for $10,000 secured by a second mortgage of real estate, to recover a deficiency after a foreclosure sale. The note was actually owned by one Pinanski and one Green who assigned it to the plaintiff for the purpose of bringing this action. The defendant's testa-

tor owned a one-third interest in the equity in the mortgaged real estate, the owners of the other two thirds being one Goldfine and one Carmen. The case was tried on certain facts agreed upon at the trial and on oral testimony. The trial judge in the Superior Court sitting without jury found for the plaintiff in the sum of $6,595.81.

At a foreclosure sale on July 18, 1930, the property was sold for $9,325, subject to a first mortgage of $35,000 and unpaid taxes, to Goldfine and Carmen, the owners of a two-thirds interest in the equity. They, however, refused to go through with the sale and forfeited a deposit of $500 which has here been credited in determining the amount now due on the note. Thereafter the property was again advertised for sale at foreclosure, the auction was held on August 29, 1930, and the property sold for $5,000 subject to the first mortgage of $35,000 and unpaid taxes. The purchasers were Pinanski and Green, the real owners of the note and mortgage. The foreclosure deed to a straw holder representing them was delivered on September· 8, 1930, and on September 16, 1930, he, representing the purchasers, entered into an agreement with one Levine to sell him the property for $10,000 subject to the first mortgage and to adjustments for taxes and insurance. On December 17, 1930, a conveyance was made to him with adjustments computed as of that date.

At the trial the defendant admitted that both foreclosure sales were duly advertised, that she knew in advance that they were to be held, that the note was overdue at the time of the foreclosures and that taxes, water rates and interest were due and unpaid. The bill of exceptions states that at the trial the "defendant waived all defences to the suit except the defence based upon the conduct of the actual owners of the note in connection with the foreclosure of the property on August 29, 1930," and that "The defence was based entirely upon the claim that the pertinent evidence established want of good faith and negligence on the part of the owners of the note."

The defendant in her answer pleaded in defence to the action that the foreclosure sale was not properly con-

ducted and that the owners of the note did not act in good faith and with reasonable diligence in the protection of the rights of the defendant. The burden of proof on the issues thus raised was on the defendant. *McCarthy* v. *Simon,* 247 Mass. 514, 521. Since the finding was for the plaintiff, the defendant's contention must necessarily be that on facts either agreed upon or appearing in testimony by which the plaintiff is bound, the trial judge was as matter of law obliged to find that the defendant had sustained the burden of proof on the issues raised by the answer.

As to what took place at the time of the second foreclosure sale there was testimony from the auctioneer, from Green, one of the owners of the note, and from an attorney representing the owners, all of these witnesses having been called by the plaintiff. The auctioneer testified that the sale was protracted by delays after bids were made, while two groups of bidders conferred together privately, that this seemed "unusual" and that the witness did not know "what it was about, it was ridiculous." If we should assume that on his testimony and justifiable inferences therefrom it might have been found that the sale was improperly conducted to the prejudice of the rights of the defendant, still the judge was not obliged to make that finding. The plaintiff, although he called the auctioneer as a witness, was not bound by his testimony. *Hill* v. *West End Street Railway,* 158 Mass. 458. *Marsh* v. *Beraldi,* 260 Mass. 225, 230. The judge might not have believed it. If the judge accepted as true testimony given by the attorney of the owners of the note, he had warrant for finding that the delays and the conferences between bidders resulted from the attempt to get higher bids and that every effort was made to sell the property at the highest bid then and there obtainable. In respect to what happened at the time of the sale there is nothing in the agreed facts or in the testimony of Green which required the finding that the sale was not properly conducted.

The defendant further contends that there were facts other than the actual occurrences at the foreclosure sale which required a finding that the owners of the note failed to

exercise the good faith and reasonable diligence required of them to protect the interests of persons liable on the note. It was not in dispute that the owners of the note made a sale of the property to Levine within a short time after the foreclosure sale for a sum substantially $5,000 in excess of the amount for which they had bid in the property at the sale. Green, one of the owners of the note, testified that prior to the sale he had been told that Levine was interested in the purchase of the property and had made an offer for it in excess of $40,000. According to the testimony of Levine, who was called as a witness by the defendant, the last talk in which he made any offer for the property before the foreclosure sale was three or four months prior to that event. There was evidence from which it might have been found that although Levine knew the foreclosure sale was to be held he did not attend and that he was not asked by the owners of the note not to bid at the sale or not to attend the sale. There was no testimony that prior to or at the time of the sale there was any agreement between him and the owners of the note for a sale of the property to him after the foreclosure. We do not recite nor may we properly consider certain portions of the testimony of Levine favorable to the contentions of the defendant and argued on her behalf by counsel. He was called as a witness by the defendant. The finding of the judge was contrary to her contentions. We are in no position to revise conclusions he may have reached as to the credibility of witnesses who testified before him. *Commonwealth* v. *Davis*, 284 Mass. 41, 51. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167.

The inadequacy of the price for which the property was purchased by the mortgagees at the foreclosure sale, as indicated by the sum for which it was shortly thereafter resold, would not, by itself, warrant a finding of bad faith on the part of the mortgagees. *Johnston* v. *Cassidy*, 279 Mass. 593, 597, and cases cited. The judge was not bound to find that the resale was made pursuant to an agreement or understanding existing at the time of the foreclosure sale. The mere fact of Levine's earlier expressed interest in the

purchase of the property and his offer would not as matter of law invalidate the sale if there were no improprieties in the conduct of the sale itself. It could not have been ruled as matter of law that there were such improprieties. On all the facts as the judge warrantably might have found them we think a conclusion by him that there had been no breach by the mortgagees of the duty owed to persons liable on the note was not unwarranted. In the absence of a violation of such duty before the sale began or in the manner in which the sale was conducted, the mortgagees, who had the right to bid, violated no obligation to the defendant in buying at a price less than the value of the property. *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379, 382.

The first request of the defendant for the ruling that the plaintiff was not entitled to recover and the eighth and thirteenth requests for rulings that the foreclosure sale was not properly conducted and that the mortgagees did not exercise good faith and reasonable diligence to protect the interests of the defendant were properly denied. There was no error in the refusal of requests numbered 16, 17 and 18 which merely purport to state facts or inferences of fact, and include statements which the judge was not obliged to find as facts or inferences which he was not obliged to draw.

The defendant has argued exceptions to the denial of certain of her requests which do not purport to include questions of law but recite with some deviations in form facts agreed upon at the trial. From notations made by the trial judge on the defendant's "requests for rulings and findings" it seems clear that he denied them on the ground that he was not obliged to grant requests for findings of fact. In this we see no error. *Smith* v. *Import Drug Co.* 253 Mass. 368, 371, and cases cited. *O'Neill* v. *County of Worcester*, 210 Mass. 374, 377. We do not think, as the defendant contends, that it can be inferred from the denial of these requests that the judge refused to consider or accept as conclusive the facts which had been agreed upon by the

parties at the trial. Exceptions to the refusal to give certain other requests, not having been argued by the defendant, we treat as waived.

*Exceptions overruled.*