FANNIE SANDLER *vs.* MAX SILK & others.

Suffolk.    January 2, 1935. — November 26, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Mortgage,* Of real estate: foreclosure.    *Actionable Tort.    Res Judicata.*

The duty of a mortgagee of real estate to use good faith and reasonable diligence in exercising the power of sale in his mortgage extends not only to the mortgagor but also to junior lienors claiming through him.

A finding that the foreclosure of a second mortgage of real estate was effected in bad faith and without the exercise of due diligence by the mortgagee, and pursuant to a plan of the mortgagee and others to defeat an attachment junior to the mortgage, was warranted on all the evidence, including evidence that the mortgagee purchased the equity in the property at the foreclosure sale for a price less than half its fair value and that the attaching creditor was not given notice of the sale though he had requested notice so that he might protect his interest and had been promised it by the mortgagee; and an action of tort by the attaching creditor against the mortgagee and the others lay to recover for the injury suffered by the plaintiff through such foreclosure.

Statement by RUGG, C.J., as to the principles of *res judicata.*

A decree dismissing a suit in equity whose dominant purpose was to set aside an allegedly void mortgage of real estate, the basis of the decree being that the mortgage was not void, did not render *res judicata* a cause of action in tort by the same plaintiff against the same defendant to recover for injury resulting from wrongful foreclosure of the mortgage, though the bill in equity contained incidental allegations, not passed upon, that the foreclosure was wrongful and a prayer that it be voided.

TORT. Writ dated March 24, 1930.

The action was heard in the Superior Court without a jury by *Weed,* J., who found for the plaintiff in the sum of $3,486. The defendants alleged exceptions.

The case was submitted on briefs.

*S. Sigilman,* for the defendants.

*H. E. Ehrlich & T. H. Mahony,* for the plaintiff.

RUGG, C.J. The declaration in this action of tort contains two counts for the same cause of action. In the first count there is alleged a conspiracy by the defendants fraudulently to foreclose a second mortgage upon certain real estate without protecting the rights of the mortgagor or persons taking under him, including the plaintiff, in order to defeat an attachment held by the plaintiff; in the second count there is alleged a fraudulent foreclosure of such mortgage in the same circumstances. The present defendants are Silk, Tefft and Trachtenberg. They pleaded a general denial and *res judicata.* The plaintiff previously brought a suit in equity to set aside this mortgage as void, against the present defendants and two others, Smith and Marcus, which was dismissed by final decree after rescript. *Sandler* v. *Silk,* 269 Mass. 562. At the trial of the present action the parties agreed to submit the issue as to liability

upon the record of the proceedings in that suit in equity, exclusive of the testimony of witnesses but inclusive of the findings of the trial judge. No other evidence was introduced on liability.

The trial judge in the case at bar found that the material facts alleged in the declaration were true, made a finding in favor of the plaintiff, and assessed damages in a substantial sum. He ruled as matter of law that the issues here raised were not adjudicated in the suit in equity. The finding as to damages rests upon unreported evidence. No question is now raised on that branch of the case.

The defendants contend that upon the evidence this finding of the trial judge was unwarranted. Summarily stated the evidence, which consisted mainly of admissions by pleadings and the findings made by the trial judge in the equity suit, was to this effect: In 1923 Marcus purchased the premises in question, subject to a first mortgage of $4,000, taking title in the name of Smith. Thereafter, in July, 1923, Smith gave a mortgage for $1,000 to Marcus for which there was no consideration and no mortgage note was executed. On March 25, 1924, the plaintiff made an attachment of this real estate in an action of tort in which at first Smith alone was defendant and subsequently Marcus was joined as a defendant. On July 24, 1924, Marcus assigned the second mortgage without consideration to one Lewis, a brother-in-law of Silk. He in turn assigned it to Silk who in October, 1926, assigned it to Tefft. During that same month a third mortgage was given to Tefft and a fourth to Silk for which there was some consideration. In July, 1927, the fourth mortgage was foreclosed and the property ultimately deeded to Silk. On January 21, 1928, Tefft foreclosed the second mortgage and purchased the property at the foreclosure sale for $1,200. On January 23, 1928, judgment for $3,000 damages and $30.70 costs was entered in favor of the plaintiff in her action against Smith and Marcus, in which this property described in the second mortgage had been attached. On January 25, 1928, proceedings to sell the property on execution on that judgment were begun. Notice of the sheriff's sale was sent to Tefft

by registered mail. Prior to the entry of judgment and to the foreclosure sale, the plaintiff, on December 27, 1927, requested Silk to inform her of any foreclosure, in the event that there should be one, in order that she might protect her interest by purchase. The attorney for the plaintiff was told by the attorney for Tefft that there would be no foreclosure without notifying the attorney for the plaintiff. No notice was given. The trial judge in the equity suit found that the testimony of Silk, Tefft and Trachtenberg was vague, evasive and highly unsatisfactory and found on all the evidence that the original assignment of the second mortgage and the subsequent dealings of the defendants with the property were designed to defeat the attachment of the plaintiff and were carried out in pursuance of a common purpose to vest the beneficial interest in, if not the title to, the property in Silk.

The trial judge in the case at bar, upon evidence which is not reported, found that the fair market value of the property at the time of the foreclosure sale in January, 1928, was $7,800, and that the fair market value of the equity over the first and second mortgages was $2,800.

It has become settled by repeated and unvarying decisions that a mortgagee in executing a power of sale contained in a mortgage is bound to exercise good faith and put forth reasonable diligence. Failure in these particulars will invalidate the sale even though there be literal compliance with the terms of the power. *Krassin* v. *Moskowitz*, 275 Mass. 80, 82, and cases cited. *Dexter* v. *Aronson*, 282 Mass. 124, 127. *Boyajian* v. *Hart*, 284 Mass. 557, 558. *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379, 382. This duty and obligation as to good faith and reasonable care extends for the benefit and is available for the protection not only of the mortgagor but of those claiming in his right, including those holding junior encumbrances or liens. The mortgagee is a trustee for the benefit of all persons interested. *Bon* v. *Graves*, 216 Mass. 440, 446. *Winchester Rock & Brick Co.* v. *Murdough*, 233 Mass. 50, 54. *Clapp* v. *Gardner*, 237 Mass. 187, 191. *Brooks* v. *Bennett*, 277 Mass. 8, 16. *Markey* v. *Langley*, 92 U. S. 142, 155.

There was ample evidence to support the finding that Tefft, working with the other defendants pursuant to a concerted plan, violated the duty resting upon him to use reasonable care and good faith in foreclosing the mortgage. The inference was permissible if not necessary that their aim was to defeat the attachment of the plaintiff in the face of her undoubted right to have the power of sale exercised conscientiously and with due regard to her interests. The price obtained at the sale was less than one half the value of the equity of redemption. Disparity between the price obtained and the true value alone is not sufficient to warrant a finding that the sale was conducted fraudulently. *King* v. *Bronson,* 122 Mass. 122, 128. *McCarthy* v. *Simon,* 247 Mass. 514, 522. *Gordon* v. *Harris,* 290 Mass. 482, 486. It may, however, be considered in connection with other evidence to support a finding of fraud. *Kavolsky* v. *Kaufman,* 273 Mass. 418, 423, and cases cited. *Dexter* v. *Aronson,* 282 Mass. 124, 128. *Cambridge Savings Bank* v. *Cronin,* 289 Mass. 379, 383. While the manner of conducting the sale is not disclosed in detail, it appears that no notice was given to the plaintiff although she had requested to be notified and had stated her intention to protect her interest by purchase. The trial judge rightly ruled that the plaintiff in the absence of special agreement was entitled as matter of law only to the usual published notice. *Johnston* v. *Cassidy,* 279 Mass. 593, 597. Nevertheless the fact that in these circumstances no notice was sent to the plaintiff is evidence that good faith was not used to obtain the best reasonable possible price. *Drinan* v. *Nichols,* 115 Mass. 353, 357. *Clark* v. *Simmons,* 150 Mass. 357, 361. *Bon* v. *Graves,* 216 Mass. 440, 446, 447.

This form of action lies to recover damages for the wrong to the plaintiff shown on the present record. *Rogers* v. *Barnes,* 169 Mass. 179. See *Sandler* v. *Green,* 287 Mass. 404, 407. The implications of several decisions not expressly to that effect are to the same point. *Fenton* v. *Torrey,* 133 Mass. 138. *Dennett* v. *Codman,* 168 Mass. 428. *O'Brien* v. *Logan,* 236 Mass. 507. *Manning* v. *Liberty Trust Co.* 234 Mass. 544. *Freedman* v. *Peoples National Bank of*

*Marlborough*, 291 Mass. 168, 171–172. See *Ames* v. *Higdon*, 69 L. T. R. (N. S.) 292. The principle is supported by the analogy of the settled right to set up fraud in defence to an action to recover the deficiency on a mortgage note. *Wing* v. *Hayford*, 124 Mass. 249. *Vahey* v. *Bigelow*, 208 Mass. 89. *Levey* v. *Higginson*, 266 Mass. 381. *Gordon* v. *Harris*, 290 Mass. 482. There is nothing to the contrary in the decision in *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379.

The defendants contend that the present action is barred by the final decree in the earlier suit in equity. As to this issue the burden of proof is on the defendants. *Butler* v. *Martin*, 247 Mass. 112, 118. *Rosenberg* v. *Peter*, 269 Mass. 32, 37. The governing principle is that such decree on the merits is as to every issue raised by the pleadings a bar to a subsequent proceeding between the same parties or their privies upon the same cause of action. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 389. *Westminster National Bank* v. *Graustein*, 270 Mass. 565, 576. *Franklin* v. *North Weymouth Coöperative Bank*, 283 Mass. 275, 280. *Goldman* v. *Adlman*, 291 Mass. 492, 494. Where the same claim or defence is involved the force of this principle cannot be avoided by seeking an alternative remedy or setting it up in a different procedural form. *Sullivan* v. *Baxter*, 150 Mass. 261. *Harlow* v. *Bartlett*, 170 Mass. 584, 591. *Franklin* v. *North Weymouth Coöperative Bank*, 283 Mass. 275. *Mackintosh* v. *Chambers*, 285 Mass. 594, 596–598. Where the later proceeding is for a different cause of action only those facts are concluded which were necessarily involved in the prior adjudication or under appropriate pleadings were actually passed upon. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46–49. *Lesberg* v. *Lesberg*, 260 Mass. 216, 221. *Hopkins* v. *Treasurer & Receiver General*, 276 Mass. 502, 506. *James Stewart & Co. Inc.* v. *National Shawmut Bank*, 291 Mass. 534, 545–546. There can be no dispute as to what was decided in the prior suit in equity because by agreement of parties the issue of liability in the case at bar has been tried upon the record of that suit. The question raised on this aspect of the case is whether the causes of action in the two are identical.

The record in the suit in equity clearly shows that the cause of action set out in the bill was that the second mortgage, which was foreclosed, was void. The allegations of the bill converge to that main point. The findings made by the equity judge show that the basis of his decision was that the mortgage was not void as to the plaintiff. That decision was founded on the regnant purpose of the bill. The further allegation in the bill that the foreclosure of that mortgage "was attempted by reason of a fraudulent agreement and conspiracy" and the prayer that the "foreclosure sale under . . . the said second mortgage . . . be adjudged null and void and set aside" were not the ground for relief but merely ancillary to the main object of setting aside the mortgage as void; they are not inconsistent with the theory of relief on which the bill rested, namely, that that mortgage and all proceedings under it should be declared to be a nullity. It would have been inconsistent to have relied upon fraud in the foreclosure, when the dominant purpose of the bill plainly was to set aside the mortgage itself as void. The course of that trial shows that no such inconsistent contentions were presented. The causes of action set out in that bill and in the present declaration were distinct. *Hannaford* v. *Charles River Trust Co.* 241 Mass. 196. That is true even though they arose out of related transactions and involved the same subject matter. *Newhall* v. *Enterprise Mining Co.* 205 Mass. 585, 588. *Bittenbender* v. *Cosmopolitan Trust Co.* 253 Mass. 230, 231. *Witherington* v. *Eldredge*, 264 Mass. 166, 175. *Beals* v. *Villard*, 268 Mass. 129, 131. The remedy here sought is for a distinct wrong and is not merely an alternative remedy for the same wrong. For that reason the case at bar is distinguishable from cases relied on by the defendants such as *Nash* v. *D'Arcy*, 183 Mass. 30, 31, *New York, New Haven & Hartford Railroad* v. *Martin*, 158 Mass. 313, 315, *Saco Brick Co.* v. *J. P. Eustis Manuf. Co.* 207 Mass. 312, 316, *Fitzgerald* v. *Heady*, 225 Mass. 75, 77, 78, *Ansara* v. *Regan*, 276 Mass. 586, 589. In the earlier case the plaintiff sought without success to avoid the mortgage. She now seeks to recover damages for a fraudulent foreclosure. This is not

assailing a wrongful or fraudulent foreclosure in two different forms of procedure. Cases like *Dennett* v. *Codman*, 168 Mass. 428, and *O'Brien* v. *Logan*, 236 Mass. 507, 510–512, are not controlling. The causes of action being distinct, that which was in truth decided in the earlier case may be ascertained from the record. *Foye* v. *Patch*, 132 Mass. 105, 111. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267, 271–272. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 45, 46. *Wight* v. *Wight*, 272 Mass. 154, 156. *Washington Gas Light Co.* v. *District of Columbia*, 161 U. S. 316, 328–329. It is clear that the issue raised in the case at bar was not passed upon in the suit in equity.

The earlier suit was for a different cause of action from that here declared on. The present ground for recovery was not litigated in that suit. The ruling that the defence of *res judicata* had not been sustained was right.

It is not necessary to examine the requests of the defendants for rulings in detail. They all are disposed of by what has been said. There was no error.

*Exceptions overruled.*