SYLVESTER MICHAEL MCGILLIVRAY *vs.* HARRY ERAMIAN.

Middlesex.    May 15, 1941. — June 26, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Negligence*, Bowling alley, One owning or controlling real estate, Contributory.

Evidence at the trial of an action for personal injuries, sustained when a splinter from the "sliding floor" of a bowling alley was driven into a finger of the plaintiff as he was delivering a bowl with his hand close to the floor, warranted a finding of negligence of the proprietor of the alley respecting the condition of the floor and did not require a ruling that the plaintiff was guilty of contributory negligence.

TORT.    Writ in the Superior Court dated June 16, 1938.

There was a trial before *Leary*, J., who, after a verdict for the plaintiff in the sum of $750, reported the case.

*E. B. Goldberg*, for the defendant.

*T. L. Mackin*, for the plaintiff.

DOLAN, J.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff in the circumstances hereinafter described.    The case was tried to a jury.    At the close of the evidence the defendant moved for a directed verdict.    The motion was denied, subject to his exception.    Certain requests of the defendant for instructions to the jury were refused subject to his exceptions. The jury returned a verdict for the plaintiff, and at the request of the defendant the judge reported the case for the determination of this court.

The evidence tended to show the following facts:    On March 10, 1938, the plaintiff and three friends were bowling at bowling alleys owned by the defendant.    Back of the foul line, that is, the line beyond which one may not go in delivering the ball, the floor was uneven and wavy.    The "wood was rotten or something, the nails were pulled out . . . the boards were warped or sprung from the foundation."    The plaintiff started about ten feet back of the foul line to throw

the ball by an underhand motion with his hand holding the ball close to the floor. As he was about to deliver the ball within a foot back of the foul line, his hand was approximately an inch from the floor and he felt a sharp pain in the middle finger of his right hand. He looked at it and saw a piece of wood sticking from under the nail. At no time did his hand touch the floor. The splinter that entered his finger was projecting from the floor at an angle. He went "to the manager behind the desk, behind the alleys where they were bowling and, with a jack knife, he got a piece of the splinter out from under his nail, a piece of about one eighth of an inch diameter and quarter of an inch long, probably a little more." He then went to the alleys with the manager and others and looked at the floor. It had several slivers taken out of it, three or four feet from the foul line. The floor was dirty and old. There were so many places where splinters had broken off that the plaintiff could not point out the place "where the accident happened." After the accident the plaintiff went to a hospital, and at different times had three operations in the course of which pieces of splinters were removed. The flooring of the "sliding" approach to the alleys was not new when installed two or three months before the accident, but had been taken out of some other alleys and was three or four years old. When the approaches get worn the worn pieces are cut out and new pieces installed. The floor will splinter where the balls are dropped. "That is one of the reasons for planing them."

There was no error in the denial of the defendant's motion for a directed verdict. The defendant owed a duty to the plaintiff to exercise reasonable care to keep the premises in a reasonably safe condition for the uses for which they were intended. *Lemoine* v. *Springfield Hockey Association, Inc.* 307 Mass. 102, 104, and cases cited. The jury could find that the conditions above described were not of recent origin, *Tovey* v. *G. E. Lothrop Theatres Co.* 288 Mass. 346, 348, and that reasonable care had not been taken, as was customary in bowling alleys, to plane the "sliding" approach to the alleys when it became worn and splintered.

There was no evidence to show that the plaintiff's manner of delivering the ball with his hand close to the floor was unusual or improper. There was no evidence that the plaintiff observed the splinter before it entered his finger, and while the plaintiff had previously observed that the approach to the alleys was wavy and that the boards were warped or sprung from the foundation, so far as appears in the record it was only after the accident happened that, upon examination, the plaintiff observed that "several slivers . . . several splinters [were] missing out of the floor." In these circumstances we think that it could not have been ruled properly that the plaintiff was guilty of contributory negligence. G. L. (Ter. Ed.) c. 231, § 85. *Mosher* v. *Hayes*, 288 Mass. 58, 59. *Zawacki* v. *Finn*, 307 Mass. 86, 88, and cases cited. The matter of the due care of the plaintiff presented a question of fact for the jury.

The defendant's requests for instructions that the judge refused to give were as follows: "#2. That the purpose or use of an approach or sliding area is for walking and sliding. #3. That the approach or sliding area is not intended for a person to hit or rub his hands on. #4. That the striking of the approach by the plaintiff with his hand is negligence and there can be no recovery." There was no error in the refusal to give these instructions which were for findings or inferences of fact which were for the jury (G. L. [Ter. Ed.] c. 231, § 81) or based on assumptions of fact which the jury was not required to find on the evidence. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 51, and cases cited. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7, 11. See *Gordon* v. *Harris*, 290 Mass. 482, 487; *Tookmanian* v. *Fanning*, 308 Mass. 162, 168. In his charge, which appears in the record and to which no exceptions were taken, the judge correctly and adequately instructed the jury that if the plaintiff acted the way that the ordinarily prudent man, "bowling as he was," would have acted then he "may be found to be in the exercise of proper care for his own safety," and that the burden of showing that he was not in the exercise of due care was upon the defendant.

*Squires* v. *Fraska*, 301 Mass. 474, 476.   *Stiles* v. *Wright*, 308 Mass. 326, 333.

Judgment is to be entered for the plaintiff in accordance with the verdict returned by the jury.

*So ordered.*