LEXINGTON TRUST COMPANY *vs.* ELINOR J. McCABE & another.

Middlesex.   April 5, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Mortgage*, Of real estate: foreclosure.

Evidence as to the circumstances attending a sale by a bank to itself in foreclosure of a mortgage of real estate would not have warranted a finding of bad faith on the part of the bank where no impropriety on its part in the conduct of the foreclosure was shown although before the sale the treasurer of the bank had used language to the mortgagor showing a want of understanding of the fiduciary duty of a mortgagee, and its representative at the sale testified that he had in mind its interests only.

CONTRACT. Writ in the District Court of Central Middlesex dated June 14, 1940.

Upon removal to the Superior Court, the action was tried before *Morton*, J.

*W. H. McLaughlin*, for the defendants.

*F. B. Frederick*, (*H. C. Perkins* with him,) for the plaintiff.

LUMMUS, J. This is an action against the makers of a promissory note for $6,000, dated December 24, 1923, and secured by a mortgage of real estate. On April 23, 1940, the plaintiff sold the real estate at foreclosure sale and bought it in for $5,000, which the plaintiff applied on the note, leaving a balance due amounting to $1,719.79. The only defence is bad faith in the foreclosure proceedings. *Sandler* v. *Silk*, 292 Mass. 493, 498. *Lynn Five Cents Savings Bank* v. *Portnoy*, 306 Mass. 436, 439. In response to a question submitted to them, the jury found that the defendants told the treasurer of the plaintiff that they would give it a deed of the property, but that the treasurer replied that "We are going through with the sale and the bank is going to take the property at its own price and make you pay the difference." In response to another question the jury found that the fair market price of the property on April 23, 1940, was $8,000. After these answers were given, the judge directed a verdict for the plaintiff for the balance due on the note, subject to the exception of the defendants.

The evidence most favorable to the defendants was as follows. Foreclosure proceedings had been begun at least three times before the sale in question, and had been stopped because of payments by the mortgagors. After further advertisement, the sale was then set for April 9, 1940, and was postponed to April 23, 1940, at the request of one of the defendants. He was informed by the plaintiff that $206.99 would have to be paid to stop the foreclosure. Nothing was paid. On April 23, 1940, which was a fair day, the attorney for the plaintiff drove to the property with an auctioneer and the assistant treasurer of the plaintiff. The auctioneer put his flag on one of the trees in front of the house at the hour advertised for the sale, which was thirty minutes after ten o'clock in the forenoon. No other

person was present. The investment committee of the plaintiff had voted to bid $5,000 at the sale, and the assistant treasurer bid that amount for the plaintiff. That was the only bid, and the property was sold to the plaintiff for that amount. No effort was made, beyond the legal advertisements of the sale, to get bidders to attend. The assistant treasurer testified that he had in mind only the interest of the bank, and paid no attention to the interest of the mortgagors.

The plaintiff complied with the terms of its power and thus gave all the notice to which the defendants were entitled. *Sandler* v. *Silk*, 292 Mass. 493, 497. The defendants had actual knowledge of the proposed sale, and had secured an adjournment of it. The sale was held at a suitable hour on a fair day. The defendants had ample opportunity to raise the money if possible or to obtain the presence of bidders. *DesLauries* v. *Shea*, 300 Mass. 30, 36. Nothing was done to chill the sale. It is true that a mortgagee must exercise good faith and reasonable diligence towards the mortgagors. *Sandler* v. *Silk*, 292 Mass. 493, 496. *Davis* v. *Newburyport Five Cents Savings Bank*, 311 Mass. 377, 382. Mere inadequacy of price does not show bad faith, and a mortgagee with power to buy at the foreclosure sale may buy as cheaply as he can. *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379, 383. *Ross* v. *Vadeboncoeur*, 298 Mass. 523, 527. *Atlas Mortgage Co.* v. *Tebaldi*, 304 Mass. 554, 557, 558.

It is true that the language of the treasurer, as found by the jury, showed a want of understanding of the fiduciary duty of a mortgagee. But the evidence showed no act nor omission to act harmful to the interest of the mortgagors. There was no evidence of bad faith carried into action. The mere state of mind of the assistant treasurer did the defendants no harm.

*Exceptions overruled.*