DOROTHY M. CORCORAN *vs.* ADAH T. TOBEY. November 28, 1944. Exceptions overruled. This is an action of contract against one of the joint and several makers of a mortgage note to recover a balance alleged to remain unpaid after the application of the proceeds of a foreclosure sale. The defendant, who was not the owner of the equity in the property at the time of the foreclosure, sets up lack of "reasonable notice," negligence and fraud in the conduct of the sale. The burden of establishing her defence was upon the defendant. An auditor found in substance that the sale was completed according to law, and there was evidence that a copy of the notice was sent to the defendant. There was no evidence to the contrary. The defendant's contention that the mortgagee's conduct was improper rests entirely upon evidence that though the property was worth $6,500, the mortgagee bought

it in for $4,000; that the only persons at the sale were the mortgagee, her attorney, the auctioneer, who was her son, and the defendant's husband; and that the only bid was that of the mortgagee. There is nothing more. The mortgagee was not bound to advertise more extensively. *Clark* v. *Simmons*, 150 Mass. 357, 359–360. *Sandler* v. *Silk*, 292 Mass. 493, 497. *DesLauries* v. *Shea*, 300 Mass. 30, 36. *Lexington Trust Co.* v. *McCabe*, 313 Mass. 733, 735. *Purdie* v. *Roche*, 304 Mass. 647, 648, 649. Neither the disparity between the value of the property and the mortgagee's bid nor the lack of greater attendance at the sale warranted a verdict in the defendant's favor. Nor did both of these circumstances taken together. This aspect of the case is fully covered by *Cambridge Savings Bank* v. *Cronin*, 289 Mass. 379, where ample authority is collected. Later cases are *Chartrand* v. *Newton Trust Co.* 296 Mass. 317, *Ross* v. *Vadeboncoeur*, 298 Mass. 523, *Atlas Mortgage Co.* v. *Tebaldi*, 304 Mass. 554, 557–558, and *Bielanski* v. *Westfield Savings Bank*, 313 Mass. 577, 582.

*P. A. Hendrick*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.