JOHN UCELLO *vs.* VICTOR G. DRAGONE & another (and a companion case)[1]. July 2, 1968. The plaintiffs appeal from Superior Court decrees dismissing two bills for declaratory relief dealing with questions arising from a challenged foreclosure of a mortgage on certain real estate. The plaintiff Perry Bird, Inc., controlled by the plaintiff Ucello, had given a note and mortgage to one Morris. In order to facilitate a business arrangement with Ucello, discussed in *Ucello* v. *Cosentino, ante*, 48, the defendant Cosentino paid the total amount due under the note, taking an assignment of both note and mortgage. Payments on the note being in default, Cosentino began foreclosure proceedings, and a sale was conducted by the defendant Dragone in February, 1967. Ucello bid in the property but has failed to make complete payment for it in accordance with a "Memorandum of Sale." Ucello's contention that Cosentino took the note and mortgage as collateral for a loan of $73,000, the amount due Morris, does not appear in the bills and is not supported by the evidence. His contention that he made adequate tender of all amounts due on the note prior to foreclosure is without merit. Any tender made was of less than the amount due, and he was not then the owner of the equity of redemption. *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 287. G. L. c. 244, § 18. Ucello's complaints about the disposition of the proceeds are without merit. It could be found that Cosentino was charged with notice of various claims against the proceeds. See G. L. c. 183, § 27; *Sandler* v. *Silk*, 292 Mass. 493, 496. The plaintiffs' other contentions are without merit. There are no findings and no report of material

---

[1] The companion case is by John Ucello & others against the same defendants.

facts. The reported evidence amply justifies the decrees. The decrees are affirmed and the cases are remanded to the Superior Court for assessment of additional interest accrued on the note and such additional counsel fees as may seem warranted in the discretion of the judge, with costs of appeal to the defendants.

*So ordered.*

*Morris M. Goldings* for the plaintiffs.
*George Michaels* for the defendants.