This suit was brought by the plaintiff homeowners alleging that defendant Deutsche Bank National Trust Co., as trustee for the CDC Mortgage Capital Trust 2003-HE4 (Deutsche Bank), was not a valid mortgagee at the time it foreclosed on the plaintiffs' real property. Although there is an assignment of the mortgage to Deutsche Bank dated June 4, 2013, and recorded with the registry of deeds on August 18, 2013, the plaintiffs argue that because the assignment was made after the closing date in the pooling and servicing agreement (PSA), and because the assignment was made directly by the lender, rather than the depositor (Morgan Stanley ABS Capital I Inc.), under the PSA, Deutsche Bank cannot be and is not the holder of the mortgage.
The first of these contentions, with respect to the closing date of a PSA, was rejected in our decision in Strawbridge v. Bank of N.Y. Mellon, 91 Mass. App. Ct. 827 (2017). The second, with respect to the identity of the assignor, was rejected in Ressler v. Deutsche Bank Trust Co. Americas, 92 Mass. App. Ct. 502 (2017), which relied on Strawbridge. Both were decided during the pendency of this appeal and after the filing of the plaintiffs' brief in this case. These cases hold that failure of an assignment to a trust to comply with the terms of the trust under which it is permitted to hold property renders the assignments merely voidable and not void, and that a mortgagor of real property lacks standing to challenge the assignment on those grounds. Whatever our view of that question might be as an original matter, we are bound by Strawbridge, as was the court in Ressler, and therefore are constrained to affirm the judgment of the trial court. The complaint also contained a claim for slander of title allegedly wrought by Deutsche Bank's recording in the Middlesex County registry of deeds that it owned a defeasible fee interest in the plaintiffs' residence and had contractual rights to enforce the power of sale. All agree this claim fails given our conclusion with respect to the claim based on the assignment of the mortgage.
The plaintiffs also allege that an earlier assignment of the mortgage to Deutsche Bank amounted to an assignment to a fictitious or nonexistent entity and was therefore void. The 2013 assignment to Deutsche Bank was purportedly undertaken on behalf of Deutsche Bank as trustee to those registered holders as described in the earlier assignment. Because they were not raised in their memorandum opposing summary judgment, though, the claims that the plaintiffs have standing to allege that the first assignment was ineffective or that the second assignment was from an entity that did not hold the mortgage because it did not exist, to whatever extent the plaintiffs raise them here, have been waived.
Finally, a separate count of the complaint alleged that the servicer of the loan, defendant Ocwen Loan Servicing, LLC, had committed fraud by purchasing and charging the plaintiffs for forced place insurance despite knowing that the plaintiffs' property was already insured. The motion judge concluded that the plaintiffs had failed to establish reliance. The only argument made by the plaintiffs on appeal with respect to this count appears to refer to the obligation of good faith imposed upon one with the power of sale, which may be used to void a sale. See Sandler v. Silk, 292 Mass. 493, 496 (1935) ; U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 647 n.16 (2011). Sandler and Ibanez, however, do not hold that a loan servicer's bad faith can void a sale by a mortgagee, so the plaintiffs' argument fails on the merits.
The defendants' request for appellate attorney's fees is denied.
Judgment affirmed.