## HEPSEBETH FENTON *vs.* GEORGE W. TORREY.

Suffolk.    March 16. — June 28, 1882.   ENDICOTT & DEVENS, JJ., absent.

A mortgagor, who has conveyed his equity of redemption, but remains personally liable upon the mortgage note, and who has been compelled to pay the balance due thereon, after the proceeds of a sale by the mortgagee under the power of sale contained in the mortgage have been applied upon the note, may maintain an action against the mortgagee for misconduct in conducting the sale, by reason of which a smaller sum was obtained than otherwise would have been.

C. ALLEN, J.   The first two counts in the declaration, and the plaintiff's offer of proof, show substantially the following case: The plaintiff executed a mortgage of real estate to the defendant, to secure a note for $16,400, and afterwards sold the equity of redemption to persons who agreed to assume and pay the note.   The defendant assigned the mortgage and indorsed and guaranteed the note to Norcross and others; and thereafter, acting in their names, by virtue of a power of sale contained in the mortgage, made a sale of the mortgaged premises for the sum of $10,000, which was applied in part payment of the note.

———

The defendant thereupon paid the balance due upon the note and took up the same, and brought an action upon it against the plaintiff, recovered judgment, and satisfied the judgment by a sale of property of the plaintiff. Both counts aver misconduct, in conducting the sale, in not properly advertising the same, in not allowing to persons present at the sale a fair opportunity to bid, and in other particulars.

It has often been held that one who undertakes to execute a power of sale is bound to the observance of good faith, and to a careful regard for the interest of his principal. *Thompson* v. *Heywood,* 129 Mass. 401, and cases there cited. The question usually arises on a bill in equity brought to restrain or to set aside a sale ; but a remedy at law is also open to a party injured by a failure to perform this duty. It was however contended on behalf of the defendant that the plaintiff, after selling her equity of redemption, could not maintain such an action ; and the presiding judge so ruled. But, inasmuch as the plaintiff still remained personally liable upon her note, she had a direct interest that the price realized upon the sale should be as high as possible, and that the power of sale should be faithfully executed ; and, upon the offer of proof, it must now be assumed that she suffered actual loss in consequence of the defendant's misconduct, by being obliged to pay the balance due upon her note. The circumstance that her grantees might also be injured, is no reason why she should not be allowed to recover the loss sustained by herself. *Exceptions sustained.*

*S. J. Thomas & C. P. Sampson,* for the plaintiff.

*N. Morse,* for the defendant.