SADIE KRASSIN *vs.* LOUIS MOSKOWITZ & others.

Suffolk.   March 3, 1931. — March 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: foreclosure, good faith of mortgagee. *Evidence,* Competency, Of bad faith.

It is elementary that a mortgagee attempting to execute a power of sale contained in a mortgage must exercise good faith and use reasonable diligence to protect the interests of the mortgagor or of the one hold-

ing the title to the equity of redemption; and that failure in this respect will invalidate the sale notwithstanding a bare literal compliance with the terms of the power. Per Rugg, C.J.

In an action to recover a deficiency on a mortgage note after foreclosure of the mortgage, evidence, that the defendant was told by an agent of the plaintiff that the mortgage would not be foreclosed if principal and interest due on the note were paid; that the defendant would be notified of any proceedings which might be instituted to foreclose the mortgage; that payments of considerable amounts were made; and that the foreclosure was made without any notification being given to the defendant, who did not learn of it until about two weeks thereafter, was admissible on the issue of the plaintiff's good faith in conducting the foreclosure sale.

CONTRACT. Writ dated June 13, 1929.

Material evidence at the trial in the Superior Court before *Morton,* J., is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged an exception to the admission of certain evidence as bearing on her bad faith.

*S. Stern,* (*L. Karlin* with him,) for the plaintiff.

*A. Gottlieb,* for the defendants.

RUGG, C.J. This is an action of contract to recover a deficiency on a note alleged to be due after a foreclosure by the plaintiff of the mortgage on real estate by which the note was secured. The good faith of the plaintiff in conducting the foreclosure sale of the mortgage was in issue. There was testimony that the foreclosure sale was advertised in accordance with law. Although not expressly stated, it is inferable that the plaintiff or some one in her interest purchased the property at the sale. There is no evidence in the record touching the number of persons present or the number of bids made at the sale. There was evidence, admitted subject to the exception of the plaintiff and as bearing on bad faith in conducting the sale, to the effect that the agent of the plaintiff stated to one of the defendants that the mortgage would not be foreclosed if principal and interest due on the mortgage note were paid; that one of the defendants for himself and as agent for the others would be notified of any proceedings which might be instituted to foreclose the mortgage; that payments of considerable amounts were made;

and that the foreclosure was made without any notification being given to the defendants and the defendants did not learn of it until about two weeks thereafter.

It has become elementary by repeated decisions that a mortgagee attempting to execute a power of sale contained in a mortgage must exercise good faith and use reasonable diligence to protect the interests of the mortgagor or of the one holding the title to the equity of redemption. Failure in this respect will invalidate the sale notwithstanding a bare literal compliance with the terms of the power. *Drinan* v. *Nichols,* 115 Mass. 353, 357. *Clark* v. *Simmons,* 150 Mass. 357, 359. *Bon* v. *Graves,* 216 Mass. 440, 446. *Levey* v. *Higginson,* 266 Mass. 381, 385. *Kavolsky* v. *Kaufman,* 273 Mass. 418. That principle is applicable to the introduction of the evidence here in question. Such evidence was competent as bearing on the issue of good faith. There is nothing in *McCarthy* v. *Simon,* 247 Mass. 514, 521, 522, where the question of law to be determined was quite different from that here presented, contrary to this conclusion.

*Exceptions overruled.*